800 So.2d 556 (2001)
Timothy Hill HOWELL, Appellant
v.
STATE of Mississippi, Appellee.
No. 2000-KA-01400-COA.
Court of Appeals of Mississippi.
November 13, 2001.
*557 John Robbins II, Brandon, Attorney for Appellant.
*558 Office of the Attorney General by W. Glenn Watts, Jackson, Attorney for Appellee.
Before SOUTHWICK, P.J., THOMAS, and IRVING, JJ.
IRVING, J., for the Court.
¶ 1. A Hinds County Circuit Court jury convicted Timothy Howell of possession of cocaine. He was sentenced to six years in the custody of the Mississippi Department of Corrections with three years to serve, three years suspended, and three years supervised probation. Aggrieved by the verdict and sentence, Howell perfected this appeal and presents five issues which we paraphrase as follows:
I. Did the trial court err in granting jury instruction S-1?
II. Was there sufficient evidence in support of the jury's verdict?
III. Did the trial court err in admitting Exhibit 2, the crack cocaine pipe, and did it constitute double jeopardy?
IV. Did the trial court err in overruling objections during closing arguments?
V. Was there an illegal arrest?
Finding no error, we affirm.

FACTS
¶ 2. On March 12, 1999, Officer Cornellius Williams responded to a burglary call. The individual who made the call gave the police officer a list of some of the items that were taken, the names and descriptions of three possible suspects, and information on where they might be located. Officer Williams and several other officers then proceeded to look for the suspects. Their investigation took them to what appeared to be an abandoned house in the 900 block of Monroe Street in Jackson.
¶ 3. Officer Williams testified that when he knocked on the door, a man fitting the general description of one of the suspects opened it then immediately slammed the door shut. Meanwhile, the other officers surrounded the house in order to prevent anyone from slipping out. Officer Williams continued to knock on the door, and after two or three minutes, the same individual once again appeared at the door. Officer Williams asked the individual his name, and the individual gave several different names. Williams radioed dispatch to do a check on the names he had been given, and the check revealed that there was an outstanding arrest warrant matching one of the names the individual had just provided. Officer Williams then placed the individual, now identified as Roger Fulgham, under arrest. All of this took place in the doorway of the house. While standing in the open doorway, Williams noticed that candles were burning and that there was no electricity in the house which had the appearance of a "crack house." Williams also detected the smell of marijuana smoke emanating from inside the house.
¶ 4. The police officers decided to make a sweep of the house for weapons or safety hazards and in the process discovered Howell in the bathroom. Officer Barker, shined a flashlight into the room and saw Howell holding something in his hands which he was placing upon the bathroom countertop. Howell was told to exit the bathroom while Barker conducted a search. Barker found a plastic pill case and a rock-like substance, which he believed to be cocaine, on the countertop. These items were the only items found in the bathroom. Another of the police officers, Officer Frazer, conducted a pat-down of Howell and found a homemade crack cocaine pipe. Howell admitted that the pipe belonged to him. He was arrested and charged with possession of cocaine.

ANALYSIS OF ISSUES PRESENTED

I. Jury Instruction S-1
¶ 5. Howell argues that the trial court erred in not granting jury instruction *559 S-1. Unfortunately for Howell, however, the instruction is not included in the record. Matters that are not within the confines of the record will not be reviewed. Jones v. State, 776 So.2d 643(¶ 17) (Miss. 2000). The record further reveals that Howell failed to raise any objection to the granting of the jury instruction at the time it was offered. The general rule is that if the offended party fails to object to a jury instruction at the trial, the issue is barred on appeal. Walker v. State, 729 So.2d 197, 202 (Miss.1998). For the above-mentioned reasons we hold that this issue is procedurally barred.

II. Sufficiency of the Evidence
¶ 6. Howell argues that the evidence is insufficient to support the verdict because there is no evidence in the record that he knowingly possessed cocaine, and the only thing connecting him to the cocaine found in the bathroom is the uncorroborated testimony of Officer Barker.
¶ 7. When reviewing the sufficiency of the evidence in a criminal proceeding, the duty of this Court is to consider all the evidence in the light most favorable to the verdict. Wetz v. State, 503 So.2d 803, 808 (Miss.1987). This Court is also bound to give the prosecution all favorable inferences that can be reasonably drawn from the evidence, and may reverse only in an instance where in regard to one or more of the elements of the offense, a group of reasonable, fairminded jurors could only find the defendant not guilty. Id.
¶ 8. When this Court considers all of the evidence presented at the trial of this matter in the light most favorable to the verdict, and gives the prosecution all favorable inferences that can be reasonably drawn from that evidence, we cannot say that reasonable and fair-minded jurors could only find Howell not guilty; therefore, we are not at liberty to reverse the jury's verdict. Accordingly, we find that this issue is without merit.

III. Admission of Pipe
¶ 9. In a rather vague and ambiguous manner, Howell alleges that the trial court subjected him to double jeopardy by allowing the crack pipe to be admitted into evidence. In his appellate brief, Howell states:
In another Court at an earlier time the paraphernalia was excluded. Also there is the fact that the paraphernalia was not a part of the indictment, nor was it presented to the grand jury, and the indictment was not amended. The introduction of the paraphernalia amounted to double jeopardy, as defined by the Constitution of the United States.
This constituted the full extent of Howell's argument on this issue.
¶ 10. The Double Jeopardy Clause of the United States Constitution guarantees protection against 1) a second prosecution for the same offense after acquittal, 2) a second prosecution for the same offense after conviction and 3) multiple punishments for the same offense. White v. State, 702 So.2d 107, 109 (Miss. 1997). None of these elements were at issue in the case at bar. The record is completely void of any evidence that the admission of the pipe into evidence subjected Howell to double jeopardy.
¶ 11. The trial court's grounds for admitting the pipe into evidence were stated on the record. The court held:
The objection made by the defendant to the paraphernalia that was introduced into the record was specific enough that the court feels like it should make a finding under Rule 4.03 that the motive intent question raised by the defendant would make the paraphernalia relevant *560 to the issue being tried and the issue raised by the indictment. The Court finds that it is more probative than prejudicial. I am not sure that I am under the circumstances required to reach that ruling but since I am not in Oktibbeha County, I try to do the best I can. All right.
It is clear from this passage that the trial judge found that the pipe was relevant on the issue of possession and that its probative value outweighed any prejudice.
¶ 12. Trial court judges are granted a considerable amount of discretion in deciding what evidence is admissible, and "unless this judicial discretion is so abused as to be prejudicial to the accused," the ruling of the lower court must not be reversed. Graves v. State, 492 So.2d 562, 565 (Miss.1986). Finding no abuse of discretion, we are loath to reverse the trial court on this issue.

IV. Objections During Closing Arguments
¶ 13. In his statement of the issues, Howell makes the following statement:
Further, in the closing argument by the State of Mississippi, in the second segment, or the rebuttal portion, the District Attorney's Office made an allegation that the defendant's lawyer had instructed the defendant on how to testify. This allegation was totally unsubstantiated by any testimony or evidence before the Court. That this statement to jury is, by itself, error on the part of the State of Mississippi, and though objected to, the jury was not instructed as to the damage of the statement.
In the summary of the argument, contained in his brief, Howell says:
That in the closing argument of the State there were words to jury that they had been lied to. This would amount to a purposeful misleading statement. No where in record [sic] can there be said that there was a purposeful misleading of the jury, but rather just the opposite. Though objected to the objection was overruled. Though objected to the jury was not rehabilitated after the statement to them that a lie, a deliberate lie had been told to them in order to mislead them. This statement by the State should not have been made, and though made, the jury should have been rehabilitated by the Court.
¶ 14. Our perusal of the record indicates that these are the only statements made in Howell's entire brief about what transpired during closing argument. No argument was made in the body of the brief, nor was any authority cited. We are not even favored with a recitation of the particular passage complained of. Since Howell did not argue this issue or cite any authority, we are not obligated to discuss this matter any further and decline to do so. Sumrall v. Mississippi Power Company, 693 So.2d 359, 362 (Miss.1997).

V. Illegal Arrest
¶ 15. In this last assignment of error, Howell argues that his arrest was illegal because it was made in the absence of probable cause. He argues that he was legally in the house and was not observed committing any crime. This is an argument he attempts to raise for the first time in this appeal. This Court will not put a trial court in error on a matter that was not timely raised before that court for a ruling. Crenshaw v. State, 520 So.2d 131, 134 (Miss.1988). Consequently, in order to consider this issue, we would have to be of the opinion that the issue is one of plain error. Berry v. State, 728 So.2d 568(¶ 6) (Miss.1999). As a general rule, this Court will only review an issue as plain error when a fundamental right of the defendant *561 is involved. Walker v. State, 671 So.2d 581, 606 (Miss.1995). "It has been established that where fundamental rights are violated, procedural rules give way to prevent a miscarriage of justice." Gray v. State, 549 So.2d 1316, 1321 (Miss.1989). The right of freedom from illegal search and seizure is certainly a fundamental constitutional right; however, it is not very difficult to tell that this right has not been violated in the case at bar.
¶ 16. There is no question that Howell possessed no ownership interest whatsoever in the premises where the arrest and search occurred. The Mississippi Supreme Court has held that "[a] person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed." Ware v. State, 410 So.2d 1330, 1332 (Miss.1982) (quoting Alderman v. United States, 394 U.S. 165, 174, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969)).
¶ 17. Howell cannot complain about the officers being on the premises. While legally on the premises, the officers observed Howell holding something in his hands which he was placing upon the bathroom countertop. Howell was told to exit the bathroom while Barker conducted a search. Barker found a plastic pill case and a rock-like substance, which he believed to be cocaine, on the countertop. Howell was patted down, and a crack pipe was discovered on his person. He was arrested. Clearly, the officers had probable cause to believe that he was in possession of crack cocaine. This issue has no merit.
¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY OF CONVICTION OF POSSESSION OF MORE THAN ONE-TENTH GRAM BUT LESS THAN TWO GRAMS OF COCAINE AND SENTENCE OF SIX YEARS, THREE YEARS TO SERVE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, THREE YEARS SUSPENDED, AND THREE YEARS SUPERVISED PROBATION IS AFFIRMED. ALL COSTS ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.