832 So.2d 624 (2002)
Calvin GARNER, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2001-KA-01505-COA.
Court of Appeals of Mississippi.
December 10, 2002.
*625 Thomas D. McDonough, New Albany, attorney for appellant.
Office of the Attorney General by Charles W. Maris, attorney for appellee.
Before KING, P.J., BRIDGES and LEE, JJ.
BRIDGES, J., for the court.
¶ 1. Calvin Garner was convicted on charges of possession of cocaine with the intent to distribute by the Circuit Court of Union County, and sentenced to twentyfive years in prison, with eight years suspended, and he was assessed court costs as well as statutory penalties. Garner perfected his appeal in forma pauperis to this Court.
STATEMENT OF THE ISSUES
I. WAS THE EVIDENCE SUFFICIENT TO SUSTAIN THE CHARGE OF POSSESSION OF COCAINE WITH INTENT TO DISTRIBUTE?
II. DID THE COURT ERR WHEN IT DENIED GARNER AN INSTRUCTION ON CIRCUMSTANTIAL EVIDENCE?
III. DID THE COURT ERR BY DENYING GARNER A CAUTIONARY INSTRUCTION CONCERNING THE TESTIMONY OF TERRANCE PEGUES?

STATEMENT OF THE FACTS
¶ 2. Calvin Garner and several other persons were dicing in the residence of Demetrius James, Garner's girlfriend, when the police kicked in the door and arrested Garner and Terrance Pegues on charges of possession of cocaine. Garner was standing in the kitchen at the time of arrest, a few feet away from the cocaine, while Pegues was caught in the act of attempting to flush a marijuana cigarette down the toilet in the bathroom adjoining the kitchen.
ANALYSIS
I. WAS THE EVIDENCE SUFFICIENT TO SUSTAIN THE CHARGE OF POSSESSION OF COCAINE WITH INTENT TO DISTRIBUTE?
¶ 3. Garner's argument on the sufficiency of the evidence is twofold: first, he argues that the vial of crack cocaine rocks was insufficiently proximate to his person to constitute possession; and second, he contends that the quantity of crack cocaine was insufficiently great to sustain an intent to distribute. This Court reviews the denial of motions for directed verdicts and JNOV under the same standard: the evidence is viewed in the light most favorable to the State, and the result overturned only where "reasonable and fairminded jurors could only find the defendant not guilty." McClain v. State, 625 So.2d 774, 778 (Miss.1993).
¶ 4. First we shall treat the question of possession. The law requires sufficient facts for a jury to be able to find that the defendant had control or dominion over the narcotics, and proximity may suggest possession. Kinzey v. State, 498 So.2d 814, 818-819 (Miss.1986). Where the defendant is not in exclusive possession of the premises where the narcotics are found, other competent evidence must exist connecting him to the narcotics. Powell v. State, 355 So.2d 1378, 1379 (Miss. 1978). This is the law of constructive possession.
¶ 5. Garner argues that the State proceeded on a theory of constructive possession *626 without asking the court to issue an instruction on this point of law. The record belies this claim; in fact, the State offered an instruction, but, preferring Garner's proposed instruction on constructive possession, accepted it. The crucial difference in the State's eyes was that Garner's instruction contained an extra sentence regarding the concept of proximity. Garner's instruction states the law with bountiful clarity, using the language of our supreme court in the Kinzey case.
¶ 6. The evidence adduced at trial demonstrates that Garner did not have any drugs on his person when he was arrested, although he was in proximity to a vial containing twenty rocks of crack cocaine weighing over two grams, and some crack dust was found in the house. The testimony also demonstrates that no one was seen smoking crack cocaine prior to the arrest, and further that no one saw the drugs on Garner's person. However, Pegues testified that Garner acted as the owner of the house, and that he had referred to the house as his. Pegues also testified that he knew the drugs belonged to Garner. Several of the police officers that testified identified the house as Garner's. Taken together in the light most favorable to the State, these facts are sufficient to indicate possession of the cocaine.
¶ 7. Second, we address the matter of whether the evidence sufficed to show intent to distribute the cocaine. Lacking any directly inculpatory statement from Garner indicating that his intent was to distribute the crack in his possession, the State had to demonstrate Garner's intent from his acts, and the circumstances attendant to those acts. Thompson v. State, 258 So.2d 448, 448 (Miss.1972). Garner had in his possession twenty rocks of crack cocaine, weighing about a tenth of an ounce. Agent Spillers of the Mississippi Bureau of Narcotics (MBN) testified that the number of rocks of crack cocaine indicated that this cocaine exceeded the usual quantities for personal use. Garner argued that the twenty rocks were barely enough for the people at the party which the police broke up by arresting Garner, nearly conceding an intent to distribute at least to those people there present.
¶ 8. The New Albany police and the MBN had Garner's house under surveillance for six months prior to the arrest. A number of known drug dealers had been observed entering and leaving Garner's house during that time, indicating to the police that drug trafficking was taking place. Earlier on the day of Garner's arrest, Odell Kimmons, a known drug user, was arrested after he left Garner's house. A sizable quantity of crack cocaine was found in his car, and Kimmons informed the police that he had purchased the crack cocaine at Garner's house.
¶ 9. Taken together with no particular emphasis on Garner's argument at trial that the crack cocaine in his house was barely enough for the other people in his house, this evidence is sufficient to demonstrate Garner's intent to distribute cocaine.
II. DID THE COURT ERR WHEN IT DENIED GARNER AN INSTRUCTION ON CIRCUMSTANTIAL EVIDENCE?
¶ 10. Garner argues that he should have received a circumstantial evidence instruction. The granting or denial of instructions is within the sound discretion of the trial court, and this Court shall not overrule the court below unless there is an abuse of discretion. Chatman v. State, 761 So.2d 851, 854(¶ 15) (Miss.2000). "A circumstantial evidence instruction must be given only when the prosecution can produce neither an eyewitness nor a confession/statement by the defendant." Moore v. State, 787 So.2d 1282, 1288(¶ 18) (Miss.2001). The testimony of Terrance Pegues, an eyewitness to the arrest of *627 Garner, is sufficient to eliminate the need for a circumstantial evidence instruction, coupled as it is with the testimony of the police officers who arrested Garner and had observed Garner's presence in the house.
¶ 11. We find no error here.
III. DID THE COURT ERR BY DENYING A CAUTIONARY INSTRUCTION CONCERNING THE TESTIMONY OF TERRANCE PEGUES?
¶ 12. Garner requests that this Court order a new trial because the trial court failed to give a "mandatory" cautionary instruction regarding the testimony of Terrance Pegues. The decision to issue or deny a cautionary instruction is within the discretion of the trial court; however, that discretion may be abused. Burke v. State, 576 So.2d 1239, 1242 (Miss.1991). Mississippi assigns a two-part test to determine whether there has been such an abuse: first, was the witness an accomplice in fact; and second, was there corroborating testimony? Id. An abuse of discretion occurs when the witness was an accomplice in fact, and there is no corroborating testimony. Id.
¶ 13. No evidence adduced at trial indicated that Pegues was an accomplice in fact, although he was present during the arrest and was in fact arrested together with Garner. However, the charges against Pegues were dismissed. Also, the testimony of the police indicated a complete disjunction in the actions of Pegues and Garner: Pegues attempted to flush a marijuana cigarette he had been smoking, while Garner attempted to flee the house. Pegues had not been offered a deal for his testimony, although the fact that he faced no charges from the arrest begs the question of whether there was a deal in the offing.
¶ 14. Absent any evidence supporting Pegues's status as an accomplice, this Court finds no error.

CONCLUSION
¶ 15. Garner argues that the evidence adduced at trial was insufficient to sustain the charges he faced. However, Garner can only demonstrate that the evidence brought into question whether the cocaine belonged to him or Terrance Pegues, which is itself a jury matter, an argument that implicitly concedes the sufficiency of the evidence. Garner also assigns as error the failure of the court to grant him a circumstantial evidence instruction. Here there is no error, as Pegues, an eyewitness, testified regarding the ownership of the cocaine. Finally, Garner argues that he should have received a cautionary instruction regarding Pegues's testimony. Since no evidence was adduced at trial to indicate that Pegues was an accomplice of Garner's, we find no error here.
¶ 16. For the foregoing reasons, we affirm.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF UNION COUNTY OF CONVICTION OF POSSESSION OF COCAINE WITH THE INTENT TO DISTRIBUTE AND SENTENCE OF 25 YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH 8 YEARS SUSPENDED AND 5 YEARS OF POST-RELEASE SUPERVISION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO UNION COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., THOMAS, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR. *1233