IRVING, J.,
for the court.
¶ 1. Freddie Lee Parks was convicted by an Oktibbeha County jury of possession of more than thirty grams but less than 250 grams of marijuana, and sentenced to three years’ confinement in the custody of the Mississippi Department of Corrections. He appeals, asserting that the circuit court erred (1) in denying his motion for a JNOV or, in the alternative, for a new trial, (2) in disqualifying a juror for cause, and (3) in allowing testimony regarding drug paraphernalia and scales found in his home.
¶ 2. We find no merit in any of these allegations; therefore, we affirm Parks’s conviction and sentence.
FACTS
¶ 3. Parks was arrested during the execution of a search warrant on a mobile home that he shared with his wife, Lily Parks. Only Parks and his wife resided in the mobile home. One agent, Brandon Moore, testified that he served the warrant upon Lily Parks at the front door. Moore first saw Parks when other agents, who entered through the back door, led him into the living room. Moore searched Parks and found 2.7 grams of marijuana in a bag in a pocket of a bathrobe that Parks wore, and $210 in the pocket of a tee-shirt that he wore. The second agent to testify, Treddis Anderson, said he first saw Parks sitting on a bed in the master bedroom. He was at least partially undressed. After searching him for weapons, the agent allowed Parks to put on the bath robe and *886 perhaps a tee-shirt, and led him to the living room. The third agent to testify, Mike Perkins, testified substantially in accord with Anderson. The agents also found scales similar to those used to weigh marijuana and cigarette papers sitting in plain sight on top of a dresser in the bedroom. Additionally, two marijuana cigarettes were found in a pair of men’s overalls in the bedroom. All three agents testified that when asked where the marijuana came from, Parks admitted that he had purchased four ounces of marijuana at 5:00 p.m. on the same evening that the search was conducted. However, Parks did not testify during his trial.
ANALYSIS AND'DISCUSSION OF THE ISSUES

1. Denial of Motion for Directed Verdict and JNOV

¶ 4. Park argues that the trial court erred in not granting him a directed verdict at the close of the evidence, as well as not granting a JNOV following the jury’s verdict. In support of his argument he asserts that, while 171.3 grams of marijuana were seized from the mobile home, only 2.7 grams were found on his person. The rest was found in several bags in the master bedroom. Parks further contends that, because the mobile home was owned solely by his wife, the evidence was insufficient to show that he possessed a sufficient amount of marijuana to be found guilty of the crime for which he was convicted (more than thirty grams but less than 250 grams). Apparently, his theory of the case was that the marijuana belonged solely to his wife.
¶ 5. When reviewing the motion for a directed verdict or JNOV, the reviewing court must consider the evidence in a light most favorable to the State. Gavin v. State, 473 So.2d 952, 956 (Miss.1985). The contentions made by the State should be taken as true. Id. Additionally, the State is entitled to all favorable inferences that can be reasonably taken from the evidence introduced. Id. If the evidence is of a nature that fair-minded reasonable persons could not have found the defendant guilty beyond a reasonable doubt, then this Court must reverse. Id.
¶ 6. Possession of a controlled substance must be knowing and intentional. Keys v. State, 478 So.2d 266, 268 (Miss.1985). Parks’s admission to having purchased four ounces of marijuana is direct evidence, which in itself would support the guilty verdict. Nevertheless, Parks asserts that there was insufficient circumstantial evidence to support a finding of constructive possession. “Where the defendant is not in exclusive possession of the premises where the narcotics are found, other competent evidence must exist connecting him to the narcotics.” Garner v. State, 832 So.2d 624(¶ 4) (Miss.Ct.App.2002) (citing Powell v. State, 355 So.2d 1378, 1379 (Miss.1978)). While, there was no question that Parks resided in the mobile home with his wife, Parks was not in exclusive possession of the premises.
¶ 7. When a defendant is not in exclusive control of the premises, proximity to a controlled substance is “suggestive” of constructive possession. Powell v. State, 355 So.2d 1378, 1379 (Miss.1978). The facts that he was first seen in the bedroom where the marijuana was recovered, and that he had 2.7 grams of it on his person, support a finding of constructive possession. Additionally, two marijuana cigarettes were found in a pair of men’s overalls, and no other male lived in the mobile home. Further, on top of a dresser in the bedroom, the agents found a set of scales similar to those used to weigh marijuana and two boxes of rolling papers. Parks objected to the introduction of the *887 paraphernalia, and the State responded that the evidence was relevant to show dominion and control. The trial court allowed testimony and photographs concerning the paraphernalia. The combination of the money found on his person and his proximity to paraphernalia used to sell marijuana, was suggestive of possession.
¶ 8. There was direct evidence, as well as circumstantial evidence, tending to constructively tie Parks to the marijuana found in the bedroom. This assignment of error is without merit.

2. Disqualification of Juror

¶ 9. Parks complains that the trial court improperly disqualified a juror for cause. However, he failed to include in the record a transcript of the voir dire of the veniremen. Further, it appears from the record that he did not object to the makeup of the jury, for the record contains the following statement by the trial judge following the off-record selection of the jury: “Let the record reflect that both sides are satisfied with jury selection.” Consequently, any merit to this issue was waived by the failure to make a record of the objection to the challenge for cause. The failure to make a record of objections to the make up of the jury waives any issue on appeal. Mosley v. State, 832 So.2d 589(¶ 7) (Miss.Ct.App.2002).
¶ 10. Moreover, assuming the issue was not waived, which we do not, it would be without merit. Parks asserts in his brief that “[jjuror number three stated that the Defendant was the paternal grandfather of her daughter. She further stated she barely knew Parks and that the fact she knew him would not affect her ability to serve on the jury.... The court subsequently disqualified her for cause.” The standard of review of the decision to grant or deny a challenge for cause is abuse of discretion. Sewell v. State, 721 So.2d 129(¶ 29) (Miss.1998). Even assuming this issue is not waived, the decision to excuse a juror whose daughter is the granddaughter of a defendant cannot be an abuse of discretion.

S. Admission of Evidence of Paraphernalia

¶ 11. Parks contends that the trial court erred in overruling his objection to evidence of the paraphernalia. Parks’s objection went only to relevancy. He objected that the paraphernalia was not relevant. The decision of whether evidence is relevant is subject to an abuse of discretion review. Adams v. State, 794 So.2d 1049(¶ 8) (Miss.Ct.App.2001). The fact of Parks’s proximity to the paraphernalia that could be used in the purchase and consumption of marijuana was relevant in showing constructive possession. The trial court did not abuse its discretion. There is no merit to this assignment of error.
¶ 12. THE JUDGMENT OF THE OK-TIBBEHA COUNTY CIRCUIT COURT OF THE CONVICTION OF POSSESSION OF GREATER THAN THIRTY GRAMS BUT LESS THAN 250 GRAMS OF MARIJUANA AND SENTENCE TO SERVE A TERM OF THREE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, MYERS, CHANDLER AND GRIFFIS, JJ„ CONCUR.