¶ 1. Byron Flake appeals the Circuit Court of Neshoba County's judgment convicting him of possession of methamphetamine and sentencing him to eight years in the custody of the Department of Corrections. We find no error and affirm.
 SUMMARY OF FACTS AND PROCEDURAL HISTORY ¶ 2. On February 17, 2004, a warrant was issued to search Byron Flake's residence in Neshoba County. This came about because on February 16, 2004, a confidential informant (C.I.) had called a Philadelphia police officer asking to meet with him. At this meeting the same day, the C.I. produced a small zip-type baggy that contained an off-white powder, which the C.I. stated was methamphetamine. A field test revealed this statement to be true. The C.I. stated he had purchased this substance from Flake. The C.I. also stated he had seen at Byron Flake's residence what was presumed to be methamphetamine. Additionally, the C.I. told the police officer he had purchased methamphetamine from Flake in the past. The police officer was aware that this particular C.I. had previously offered reliable information which had led to several drug convictions. The affidavit for the search warrant contained the above information, but did not indicate the date that the C.I. made the most recent, methamphetamine purchase.
 ¶ 3. Three police officers searched Flake's residence, a trailer, on February 17, 2004, after the search warrant was issued. During the search the officers found throughout Flake's home methamphetamine and paraphernalia commonly used to smoke methamphetamine. Included in the items obtained from this search were a water pipe, plastic baggies with a residue, plastic baggies with crystals, a box of approximately fifty glass tubes, and a residential gas bill in Flake's name with the trailer's address. The drugs and paraphernalia were found in Flake's kitchen and master bathroom, respectively. Evidence showed Flake lived in this trailer alone. After testing at the state's crime lab, the substances retrieved from Flake's trailer proved to be methamphetamine, weighing a total of 0.69 grams.
 ¶ 4. On September 28, 2004, an indictment was filed charging Flake with possession of a Schedule II controlled substance, methamphetamine, under Mississippi Code Annotated section 41-29-139(c)(1)(B). Flake entered a plea of not guilty. On March 14, 2005, at a pretrial hearing, Flake filed several motions — specifically, a motion to compel the name of the confidential informant, a motion to suppress the evidence obtained from his trailer, and an ore ten-us motion to quash the venire. Flake maintained that the search of his trailer February 17 was illegal because there was inadequate probable cause to obtain the search warrant. Additionally, Flake argued that certain comments made by the circuit court judge to the jury pool, the day before the trial, about the drug court system unduly prejudiced Flake. The circuit court denied all of Flake's pretrial motions.
 ¶ 5. On March 15, 2005, a Neshoba County jury returned a verdict of guilty against Flake. The circuit court judge sentenced Flake to eight years in the custody of the Department of Corrections with a $5,000 fine. Aggrieved, Flake perfected this appeal. *Page 496 
 ISSUES AND ANALYSIS I. WHETHER THE TRIAL COURT ERRED IN ADMITTING INTO EVIDENCE THE RESULTS OF THE SEARCH OF FLAKE'S RESIDENCE.
 ¶ 6. Flake argues that since the affidavit for the search warrant did not specify the date when the C.I. actually bought the methamphetamine, the information upon which the warrant was based might not be current, and thus there was insufficient probable cause for the magistrate to issue the warrant. Therefore, he claims the search warrant was invalid, and the search of his trailer which produced evidence of drug possession was illegal, in violation of Article 3, Section 23 of the Mississippi Constitution and the Fourth Amendment of the United States Constitution. We disagree.
 ¶ 7. Our standard of review for the admission or exclusion of evidence is abuse of discretion. Stallworth v.State, 797 So.2d 905, 908 (¶ 8) (Miss. 2001). Our review of a magistrate's issuance of a warrant is not a de novo determination of probable cause, but whether the magistrate had a substantial basis for concluding that probable cause existed.Smith v. State, 504 So.2d 1194, 1196 (Miss. 1987). The standard for determining the existence of probable cause for a search warrant based on an informant is the totality of the circumstances. Lee v. State, 435 So.2d 674, 676
(Miss. 1983) (citing Illinois v. Gates, 462 U.S. 213,238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983)). The magistrate's duty is "to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit . . . including the `veracity' and `basis of knowledge'" of the informant, that "there is a fair probability that contraband or evidence of a crime will be found in a particular place."Id.
 ¶ 8. Flake cites to but one case, Barker v.State, 241 So.2d 355 (Miss. 1970), for his argument that the State has an affirmative duty to demonstrate to the magistrate that the facts are current on an affidavit for a search warrant. In Barker, the court concluded that there was insufficient probable cause for the search warrant based on the confidential informant's information. Id. at 359. However, the Barker court analyzed the existence of probable cause based on an informant under the United States Supreme Court's two-part Aguilar-Spinelli test which was abandoned in 1983 in favor of a totality of the circumstances test in Illinois v. Gates, 462 U.S. 213,238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). Barker,241 So.2d at 356-57. Further, the State correctly points out thatBarker is factually distinguishable from the case at bar in that the Barker informant never personally observed the drugs at the defendant's residence, as here, but instead had seen the drugs at another location two weeks earlier. Id. at 357. Thus, in Barker, it was not the two-week delay between obtaining the drugs and the warrant which constituted insufficient probable cause, but the fact the informant only had mere suspicion there might be drugs in the defendant's home, since he had not witnessed their presence there firsthand. Id.
 ¶ 9. Flake is correct in asserting that staleness of information may be a defect in probable cause for search warrants. However, it is our opinion that the facts here do not imply that the information forming the basis for the probable cause was stale. The determination of factual currency in the affidavit for a search warrant would be but one factor in the totality of the circumstances for establishing the existence of probable cause. See Lee v. State, 435 So.2d 674, 676
(Miss. 1983). Additionally, our supreme court *Page 497 
has held that the affidavit will be interpreted in a common sense manner "when the circumstances are detailed, the reason for crediting the source of information is given, and the judicial officer has found probable cause." Meyer v.State, 309 So.2d 161, 165 (Miss. 1975).
 ¶ 10. In our case, the affidavit was detailed, the confidential informant was an eyewitness to illegal acts, and he had a reliable track record. The magistrate proceeded on more than mere suspicion in issuing the warrant. It defies common sense to believe that the confidential informant purchased methamphetamine from Flake and then carried it around for several weeks before notifying the police. Further, it can be reasonably inferred that the drugs were purchased from Flake close to the time the informant contacted the police because of the fact that the informant stated he had bought other drugs from Flake "in the past," which implies that this particular purchase was recent. We find no merit to Flake's argument that under the given facts the warrant was fatally defective because of inadequate probable cause. Therefore, the trial court did not err in admitting the evidence obtained from the search of Flake's residence.
 II. WHETHER THE TRIAL COURT ERRED IN DENYING FLAKE'S MOTION TO QUASH VENIRE.
 ¶ 11. Flake filed a pretrial motion to quash the venire because he claims the circuit court judge made pretrial comments to the jury pool about a newly established drug court for the circuit which prejudiced Flake. The judge stated that it had been his practice for the last six months to inform the jury pool before trials of the existence of the drug court. He then made several comments about its operation and who is eligible. Flake claims that the judge's comments could have predisposed the jury to find him guilty. We disagree.
 ¶ 12. The decision to quash a venire is entrusted to the discretion of the trial court. Kolberg v. State,829 So.2d 29, 83 (¶ 156) (Miss. 2002). When the evidence conflicts about whether the defendant received "a fair and impartial trial, this Court will generally defer to the considered opinion of the trial judge." Payton v.State, 897 So.2d 921, 931 (¶ 11) (Miss. 2003) (quotingBurrell v. State, 613 So.2d 1186, 1190 (Miss. 1993)). Jury impartiality is a judicial question which will be determined on a case by case basis, and this Court will not disturb the circuit court's finding unless it is clearly wrong.Dennis v. State, 555 So.2d 679, 682 (Miss. 1989) (citingWalls v. State, 371 So.2d 411, 413 (Miss. 1979)).
 ¶ 13. The guarantee of an impartial jury is established under the Sixth Amendment of the United States Constitution and Section 26 of Article 3 of the Mississippi Constitution. Flake claims that the judge's comments about the recently established drug court could have predisposed the jurors to finding him guilty because the jurors might deduce that the defendant "could be sentenced to drug court punishment on conviction rather than confinement . . . and might require less evidence than proof of guilt beyond a reasonable doubt to justify conviction." Alternatively, Flake claims that since he was not in drug court, the jury might think that he was a particularly bad wrongdoer, since only non-violent first-time offenders are eligible for drug court.
 ¶ 14. Here, we find that there was no evidence of prejudicial effect on the jury by the judge's comments concerning the drug court. Flake's trial was held the day after these supposedly prejudicial remarks were made. During the voir dire which followed, the defense did not discover any *Page 498 
jury bias. Neither did the defense object once the jury was empaneled. The jury indicated it would fairly decide the case on the facts and law presented. Flake presents no evidence that the judge's comments had a prejudicial effect on the jury except for the fact that they ultimately found him guilty. We find the content of the remarks made by the judge were merely informative and could not be deemed inflammatory. Thus, we do not find these remarks prejudicial, and there was no infringement on Flake's constitutional rights to an impartial jury or a fair trial.
 III. WHETHER TRIAL COURT ERRED IN ADMITTING THE INTO EVIDENCE FLAKE'S POSSESSION OF DRUG PARAPHERNALIA.
 ¶ 15. Flake filed a motion in limine to exclude the drug paraphernalia taken from his trailer as improperly admitted evidence of "other crimes" under M.R.E. 404(b). Flake claims this evidence was irrelevant since he was not charged with possession of drug paraphernalia. Further, Flake claims that this evidence was improperly admitted because it was not proven that the items were related to methamphetamine usage. We disagree.
 ¶ 16. This Court's standard of review for the admissibility of evidence is abuse of discretion. Howell v.State, 800 So.2d 556, 560 (¶ 12) (Miss.Ct.App. 2001). This Court will not reverse the trial court's ruling unless the judicial discretion is so abused as to prejudice the accused.Id. (citing Graves v. State, 492 So.2d 562,565 (Miss. 1986)).
 ¶ 17. M.R.E. 404(b) contains a list of exceptions for when evidence of other crimes and acts may be admitted, "such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake. . . ." The circuit court, in denying Flake's motion in limine, found that the drug paraphernalia fit the enumerated exceptions to M.R.E. 404(b). We agree.
 ¶ 18. Our supreme court has held that admission of evidence of other crimes may be "necessary to present a complete story" and "[w]here the evidence might be relevant in another manner . . . i.e., `interconnected'" to the crime charged.Flowers v. State, 773 So.2d 309, 319 (¶ 28) (Miss. 2000). "Rule 404(b) is not a blanket prohibition of evidence of other actions." Id. The items at issue — glass water pipes and glass tubes — are known and used in the drug culture for ingesting drugs, particularly methamphetamine. Further, Mississippi courts have repeatedly held that possession of drug paraphernalia is relevant to possession of contraband.See Parks v. State, 853 So.2d 884, 887 (¶ 11) (Miss.Ct.App. 2003) (finding cigarette papers and scales relevant to establishing constructive possession of marijuana when found in close proximity to drugs); Howell v. State,800 So.2d 556, 560 (¶ 11) (Miss.Ct.App. 2001) (finding homemade crack pipe relevant to cocaine possession); Buggs v.State, 738 So.2d 1253, 1258 (¶ 23) (Miss.Ct.App. 1999) (finding crack pipes and other drug paraphernalia relevant to establish constructive possession and control of crack cocaine on premises). Flake even admits in his brief that "[e]vidence of possession of paraphernalia did highlight Appellant's [Flake's] participation in the drug culture." We find that Flake's possession of the objects is relevant to show his participation in the drug culture. More importantly, the drug paraphernalia is highly relevant to show Flake's intent, preparation, knowledge, and absence of mistake in possessing methamphetamine. Accordingly, the trial court did not err in admitting evidence of *Page 499 
Flake's drug paraphernalia. This issue is without merit.
 ¶ 19. In conclusion, we find Byron Flake's assignments of error to be without merit. We affirm the judgment of the circuit court finding Flake guilty of possession of methamphetamine.
 ¶ 20. THE JUDGMENT OF THE CIRCUIT COURT OF NESHOBACOUNTY OF CONVICTION OF POSSESSION OF METHAMPHETAMINE ANDSENTENCE OF EIGHT YEARS IN THE CUSTODY OF THE MISSISSIPPIDEPARTMENT OF CORRECTIONS AND FINE OF $5,000 IS AFFIRMED. ALLCOSTS OF THIS APPEAL ARE ASSESSED TO NESHOBA COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, ISHEE AND ROBERTS, JJ., CONCUR. CARLTON, J., NOT PARTICIPATING.