403 So.2d 1288 (1981)
Estelle SANDERS
v.
STATE of Mississippi.
No. 52676.
Supreme Court of Mississippi.
September 30, 1981.
Hermel Johnson, Jackson, for appellant.
Bill Allain, Atty. Gen., by Frankie Walton White, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, C.J., and SUGG and BROOM, JJ.
*1289 PATTERSON, Chief Justice, for the Court:
Estelle Sanders was tried and convicted of robbery and sentenced to life imprisonment by the Circuit Court of the First Judicial District of Hinds County. Sanders appeals, assigning several errors.
On August 14, 1979, at approximately 1:25 p.m., Estelle Sanders and Otis Lawyer entered Strauss-Stallings Jewelers on Old Canton Road in the City of Jackson. Sanders walked toward the rear entrance of the store. Lawyer pulled a gun on the store manager, led him to the back storage room, made him lie down, and then tied him up. Lawyer next forced the store clerk at gunpoint to the storage room, where he tied her up with the store manager. A third employee returned from lunch about a minute after the clerk had been tied up. Lawyer took this employee by the arm and led her, at gunpoint, to the storage area where she was tied up with the others. All three employees testified that as the third employee came into the store, Sanders said "there she is." The third employee testified that Sanders was in the back of the store facing her as Lawyer led her to the storage room. After all three were tied up, Lawyer took the store manager's wallet, the third employee's rings, and went through that employee's purse and departed. After the store employees freed themselves, they found that two diamond cases in the store had been emptied.
Sanders testified that she and Lawyer had been to Strauss-Stallings a few days before the robbery, when they looked at jewelry and Lawyer shoplifted a ring. Sanders bought the gun used in the robbery the day before the robbery. She stated it was purchased for her own protection, yet she gave it to Lawyer the day of its purchase. Sanders testified she went with Lawyer to the jewelry store to shoplift, but that she left because all the jewelry cases were locked.
*1290 Sanders stated that she left Lawyer in the store and drove the car home and that Lawyer came over that afternoon and gave her 15 rings which she was to deliver to a certain man. Sanders claimed that Lawyer told her he had shoplifted the rings. The man was to give Sanders $1,000 which she could keep as payment for delivering the rings. Sanders testified that she did not know Otis pulled a gun, that she did not say anything as the third employee came into the store, and that she did not know that it was an armed robbery until she was arrested.
Sanders and Lawyer were arrested as they drove up to a lounge three days after the robbery. Three gold necklaces, a bracelet and some earrings, identified as property of Strauss-Stallings, were found on Sanders. The gun used in the robbery was found in a purse on the front seat of the car next to Sanders.
Sanders contends in her first assignment of error that the state failed to make a prima facie case and that the proof failed to conform with the charge in the indictment. We have held that when a conviction is challenged because the proof is insufficient to make out a prima facie case, the court must assume that all the evidence for the state is true and that all the reasonable inferences that may be drawn therefrom are true. Warn v. State, 349 So.2d 1055 (Miss. 1977). In the present case, the evidence and all reasonable inferences drawn from the full testimony of the Strauss-Stallings' employees amply establish Sanders' participation in the robbery.
Sanders contends the testimony of the employees that she did not exhibit a pistol, make any threats, or participate in tying up the employees, refutes any inference of participation. The evidence, however, shows her participation as a full fledged accessory. Section 97-1-3 of the Mississippi Code, Annotated (1972) states that accessories before the fact shall be "considered a principal, and shall be indicted and punished as such." It is, therefore, immaterial in our opinion that Sanders did not hold the gun or make any threats. Although Sanders did testify in her own behalf, offering an explanation, the jury simply did not find such testimony credible. Thus we find this assignment without merit.
Sanders next assigns as error the admission into evidence of the pistol used in the robbery. Sanders contends it was inadmissible because it was seized without a search warrant in violation of the 4th and 14th Amendments to the U.S. Constitution.
On a tip from the operator of the Page Four Lounge, the police were waiting for Sanders at the lounge. When Lawyer and Sanders drove up, they were immediately placed under arrest. Sanders remained in the car with the two purses on the seat beside her. As Sanders was getting out of the car, a police officer seized both purses. The officer unzipped the purse and noticed a revolver.
We think the recent U.S. Supreme Court case of New York v. Belton, ___ U.S. ___, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981) is dispositive of Sanders' argument. In Belton, a policeman stopped a car for speeding. The policeman discovered that none of the four men in the car owned the vehicle or were related to its owner. Meanwhile, the policeman smelled burnt marijuana and saw an envelope on the floor of the car marked "super gold," that he associated with marijuana. He directed the men to get out of the car, placed them under arrest for unlawful possession, and patted them down. The police officer picked up the envelope and found that it contained marijuana. The policeman then searched each man and the passenger compartment of the car. On the back seat he found a leather jacket belonging to one of the men. He unzipped one of the pockets in the jacket and found cocaine.
The U.S. Supreme Court found the search of the jacket a search incident to a lawful custodial arrest and not in violation of the 4th and 14th Amendments to the U.S. Constitution. The Court dealt directly with the question of the proper scope of a search of the interior of an automobile incident to a lawful custodial arrest of its occupants. *1291 Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969) established that a lawful custodial arrest justifies the contemporaneous search without a warrant of the arrestee and the area within the arrestee's immediate control. The Belton Court recognized the difficulty of the "area within the immediate control" language when that area possibly included the interior of a car and the arrestee was its recent occupant. The Court in resolving this difficulty stated:
Accordingly, we hold that when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of the arrest, search the passenger compartment of that automobile.
It follows from this conclusion that the police may also examine the contents of any containers found within the passenger compartment, for if the passenger compartment is within reach of the arrestee, so also will containers in it be within his reach. United States v. Robinson, [414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427] supra; Draper v. United States, 358 U.S. 307 [97 S.Ct. 329, 3 L.Ed.2d 327]. Such a container may, of course, be searched whether it is open or closed, since the justification for the search is not that the arrestee has no privacy interest in the container, but that the lawful custodial arrest justifies the infringement of any privacy interest the arrestee may have. ___ U.S. at ___, 101 S.Ct. at 2864, 69 L.Ed.2d at 775. (footnotes omitted)
The court in a footnote further explained the meaning of containers, stating:
"Container" here denotes any object capable of holding another object. It thus includes closed or open glove compartments, consoles, or other receptacles located anywhere within the passenger compartment, as well as luggage, boxes, bags, clothing, and the like. Our holding encompasses only the interior of the passenger compartment of an automobile and does not encompass the trunk. Id. at ___ n. 4, 101 S.Ct. at 2864 n. 4, 69 L.Ed.2d at 775 n. 4.
In the present case, the search and seizure of the two purses in the passenger compartment of the car was lawful because incident to a lawful arrest. Sanders made no challenge to the validity of her arrest and did not develop any of the circumstances of the arrest in the record. From the evidence adduced at trial, the police made a lawful custodial arrest of Sanders and properly seized the purses and pistol.
In her final assignment of error it is contended the trial court erred in overruling an objection to the testimony of a police detective. The detective testified that the jewelry recovered from Sanders was identified by the store manager as being the property of Strauss-Stallings and released to him. Sanders objected, claiming that she would not be able to conduct an effective cross-examination on the identification of the jewelry because the jewelry had been returned to the store. However, the store manager testified that he identified the jewelry within a week of the robbery. Further, the store manager was available for cross-examination on the identification of the jewelry. We find this assignment of error without merit.
In our opinion the facts amply support the jury's verdict and there being no reversible error revealed by the record the verdict and sentence are affirmed.
AFFIRMED.
SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE, BOWLING and HAWKINS, JJ., concur.