I.
Charlotte Franklin prosecutes this appeal from her conviction of shoplifting, second offense, entered in the Circuit Court of Rankin County on October 5, 1989. She was sentenced to serve a term of ninety (90) days in the Rankin County Jail.
Franklin raises the following three (3) issues:
 1. Whether the Circuit Court erred in finding nine (9) cartons of Camel cigarettes to have been lawfully seized and in admitting the cigarettes into evidence.
 2. Whether the Circuit Court erred in admitting into evidence Franklin's confession or admission which was allegedly the tainted product of an illegal arrest and unlawful search.
 3. Whether these errors were harmless beyond a reasonable doubt or warranted the granting of a new trial.
 II.
On January 24, 1989, at approximately 3:00 p.m., a white female attired in a pink sweatsuit and accompanied by a small child entered Polk's Discount Drugs located on *Page 906 
Crossgates Boulevard in Brandon. This female, who was carrying a white purse, asked Renee Achee, a store clerk, where the Esteem Diet Pills were located.
Shortly after showing the woman the location of the diet pills, Achee observed the same lady at the hair-coloring section located adjacent to the cigarette display. Achee watched the female, later identified as Charlotte Franklin, place one carton of Camel cigarettes inside her white purse and observed a second carton of Camel in her hands. Achee walked to the front of the store where she used the telephone to notify Mr. Polk, the proprietor, of what she had seen.
Franklin brought various other merchandise to the checkout stand which she placed on the counter together with the second carton of Camel cigarettes. Achee noticed that Franklin's white purse was closed but full. She asked Franklin if the items that were visible were all the merchandise she wanted to pay for. Franklin replied affirmatively. After Achee rang up the total sale, Franklin said she had to go to her vehicle and get some more money. The defendant walked out of the store, got into a red or maroon colored, late model Ford Bronco II and drove away. Mr. Polk wrote down the tag number of the vehicle as it sped away and immediately notified the police that a shoplifter had taken some Camel cigarettes from his store. He provided the authorities with a description of the female suspect as well as a complete description of her vehicle. A hasty inventory conducted immediately after Franklin left the store revealed that nine (9) cartons of cigarettes were missing from their proper location.
Shortly thereafter Don Magee, an investigator with the Brandon Police Department, spotted the red Bronco parked at a McDonald's eating establishment in Brandon. He looked through the window of the vehicle and observed in plain view approximately 35 cartons of cigarettes, approximately nine (9) of which bore the Camel trademark. Magee instructed another officer to park his vehicle at the rear of McDonald's and wait for the return of the occupants. After entering McDonald's and observing no one matching the description of the suspect, Magee left. Unbeknownst to Magee, Franklin was inside the restaurant watching the activities of the police.
The officer in surveillance telephoned Magee 20 minutes later and informed him that a wrecker was about to hook up to the Bronco and tow it away. The wrecker driver told the authorities a female had called and said she was having problems with the transmission.
Magee decided to impound the vehicle and ordered a police wrecker. While the wrecker was enroute to the scene, police officers entered the Bronco and inventoried its contents. They seized the cigarettes, a white purse, and three prescription pill bottles with Franklin's name on the label. The officers thereafter obtained a photograph of Charlotte Franklin and showed it to Renee Achee who identified Franklin as the thief. After Franklin was positively identified, Magee obtained a warrant for her arrest. On January 26th, the defendant was arrested at her home in Newton. She was brought back to Brandon that evening where, in the wake of an interrogation conducted by Magee, she made incriminating statements.
The undisputed testimony elicited during the suppression hearing established that Franklin was not the owner of the Ford Bronco. Save for the three prescription bottles labeled with her name, she specifically denied ownership of the items seized from the vehicle. Franklin sought to establish she was in lawful possession of the Bronco even though the testimony of the vehicle's owner indicated he had not given her permission to use it on this occasion. Rather, Franklin had gotten the Bronco from her friend, Renea Renfrow.
The testimony established, although somewhat obscurely, that Franklin's use of the vehicle did not "offend" its owner, Ernest Letterman. It also established that Franklin was not in actual or physical possession of the vehicle at the time of the search. *Page 907 
 III.
Franklin contends her conviction for felony shoplifting cannot stand because it was tainted by illegally seized evidence. She contends the trial judge erred in overruling her motion to suppress the nine (9) cartons of Camel cigarettes.
Franklin does not appear to dispute the existence of probable cause to search the Bronco; rather, she argues simply the officers should have obtained a search warrant prior to conducting the search because the vehicle had been immobilized. Assuming that Franklin, although not the owner of the vehicle, sufficiently established her standing to object to the search, we have concluded the warrantless search and seizure were proper because "there [was] probable cause [to believe] that the vehicle itself may be evidence of crime or contain something that offends against the law." Hall v. State, 288 So.2d 850, 851 (Miss. 1974).
Courts have allowed warrantless searches of vehicles based on probable cause when, under similar factual scenarios, a warrant would have been required to search a house. Carroll v. United,267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925); Chambers v.Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970). Franklin appears to acknowledge the existence of this so-called "automobile exception" to the warrant requirement but seeks to limit its application to situations where the vehicle is potentially mobile. She says "the probable cause exception for automobiles is not applicable, as police had rendered the Bronco immovable prior to the seizure" and that "warrantless searches of automobiles on probable cause are only permitted when an auto is mobile."
In Michigan v. Thomas, 458 U.S. 259, 261, 102 S.Ct. 3079, 3080-81, 73 L.Ed.2d 750, 753 (1982), the Supreme Court of the United States held that "the justification to conduct such a warrantless search does not vanish once the car has been immobilized." See also Florida v. Meyers, 466 U.S. 380, 382, 104 S.Ct. 1852, 1853, 80 L.Ed.2d 381, 384 (1984); Texas v.White, 423 U.S. 67, 68, 96 S.Ct. 304, 305, 46 L.Ed.2d 209, 211-12 (1975) (Probable cause factor that develops on the scene still obtains at the stationhouse); Jackson v. State,440 So.2d 307, 309 (Miss. 1983); Henderson v. State, 402 So.2d 325, 327 (Miss. 1981).
Further, contraband had been observed in plain view inside the Bronco. "Any information obtained by means of the eye where no trespass has been committed in aid thereof is not illegally obtained." Patterson v. State, 413 So.2d 1036, 1038 (Miss. 1982). Moreover, "[police] officers who have legitimately stopped an automobile and who have probable cause to believe that contraband is concealed somewhere within it may conduct a warrantless search of the vehicle as thorough as a magistrate could authorize by warrant." Fleming v. State, 502 So.2d 327, 329 (Miss. 1987), quoting from Roby v. State, 419 So.2d 1036, 1038 (Miss. 1982).
Finally, the search and seizure was lawful on yet another legal basis, the inventory of an impounded vehicle. See Patterson v.State, supra, 413 So.2d 1036, 1038 (". . . a [warrantless] search made in connection with an inventory where a car is impounded by police is a reasonable one, within the meaning of Section 23 and the Fourth Amendment."); South Dakota v.Opperman, 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976).
In the case at bar the Bronco was in lawful custody of the police pursuant to probable cause. Officer Magee had information the vehicle had been used in a shoplifting. It was located in the parking lot of a McDonald's Restaurant. A search for the driver by Magee bore no fruit. Accordingly, the officer was justified in taking the vehicle into police custody and performing, according to standard policy and procedure, an inventory search. We note that Letterman, the owner, freely admitted the authorities had impounded his Bronco.
 IV.
Investigator Magee testified that shortly after Franklin's arrest on January 26th he showed her the Camel cigarettes he seized from the Ford Bronco and the defendant *Page 908 
told him that those were the ones that came from Polk's Drug Store. Franklin does not assail the voluntary character of this admission. Rather, she contends her statement against interest was inadmissible because it was the "fruit of the poisonous tree." She claims the police found her name on illegally seized pill bottles, and this led directly to her arrest. The authorities then confronted her with the illegally seized evidence and obtained a statement against her interest.
The defendant claims she would not even have been arrested "but for" the illegal search of the Bronco and the subsequent seizure of the prescription bottles. She says the chain between the prescription bottles, the photograph, the identification of the defendant's photograph by Renee Achee, Franklin's arrest, and her statement against interest is unbroken.
Franklin's claim is devoid of merit. The fruit is not tainted unless the tree from which it came is poisonous. Here the search and the subsequent seizure of both the pill bottles and the cigarettes were lawful. Accordingly, the trial court did not err in ruling that Franklin's statements were admissible.
 V.
Finally, Franklin argues that introduction of the illegally seized cartons of Camel cigarettes and introduction of the unlawful confession or admission was hardly harmless error, and that reversal of her conviction is required. Since we have found no error in the introduction of either the cigarettes or the confession, a harmless error analysis is unnecessary.
CONVICTION SHOPLIFTING, SECOND OFFENSE AND SENTENCE OF 90 DAYS IN THE RANKIN COUNTY JAIL AFFIRMED.
HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, PITTMAN, BANKS and McRAE, JJ., concur.