983 So.2d 322 (2008)
John PHINIZEE a/k/a John L. Phinizee, Jr., Appellant
v.
STATE of Mississippi, Appellee.
No. 2006-KA-00846-COA.
Court of Appeals of Mississippi.
September 25, 2007.
Rehearing Denied February 19, 2008.
*324 John David Weddle, Tupelo, attorney for appellant.
Stephanie Breland Wood, attorney for appellee.
Before KING, C.J., CHANDLER and CARLTON, JJ.
CARLTON, J., for the Court.
¶ 1. John Phinizee was convicted by a Lowndes County Circuit Court jury of one count of the sale of cocaine and two counts of possession of cocaine with intent to distribute. The trial court sentenced Phinizee to serve a term of thirty years in the custody of the Mississippi Department of Corrections for each count with the sentences in counts two and three to run concurrently and the sentence in count one to run consecutively with the sentences in counts two and three for a total of sixty years to serve. He was also ordered to pay a fine of $5,000 for each count. On appeal, Phinizee challenges the denial of his motion to suppress evidence, argues that his sentence is excessive, and asserts that the trial court erred in admitting testimony of prior bad acts. We find no error and affirm.

FACTS
¶ 2. Phinizee owned and operated Bernard's Pool Hall (Bernard's or the pool hall) in Crawford, Mississippi. His December 9, 2003, arrest was the product of an ongoing investigation which began in 1999. The circumstances leading up to his arrest are as follows.
¶ 3. In April 1999, an officer of the Lowndes County Narcotics Unit (LCNU) made an undercover purchase of forty dollars worth of cocaine from Bernard's Pool Hall. No arrest was made at the time.
¶ 4. In July 2001, officers of the LCNU received a letter from a concerned citizen stating that a man by the name of John was selling drugs from Bernard's. Again, in April 2002, Officer Larry Swearingen of the LCNU received a letter from a concerned citizen stating that Phinizee was selling cocaine and marijuana from Bernard's. Shortly thereafter, Officer Swearingen talked with Phinizee at Bernard's but no arrest was made at the time.
¶ 5. In October of 2003, Georgia Whitmore's husband came to Officer Swearingen's *325 office and stated that his wife was regularly purchasing crack cocaine from Phinizee at Bernard's Pool Hall and sometimes at one of the Citco stations in Columbus, Mississippi. He stated further that his wife had been buying from Phinizee for a long time and was addicted to cocaine.
¶ 6. On December 8, 2003, Whitmore's husband called Officer Swearingen and informed him that Whitmore planned to meet Phinizee to buy cocaine the next day between 7:00 a.m. and 9:00 a.m. at one of two Citco stations, located either on Highway 45 North or at the intersection of Military Road and Martin Luther King Drive. Whitmore's husband supplied the tag number of Phinizee's vehicle, which he described as a black extended-cab Chevrolet truck. Whitmore's husband also stated that his wife would be driving a maroon 2000 Prism. Officer Swearingen then ran the tag number and confirmed that the truck was registered to Phinizee and his wife.
¶ 7. The following day, Officer Swearingen conducted surveillance of the Citco station at the intersection of Military Road and Martin Luther King Drive. During the hours suggested, he observed Whitmore arrive at the gas station, park her car, and make a call from a pay phone located directly behind a barbeque pit near the gas station.[1] After completing the phone call, Whitmore got back in her car and drove around to the front of the barbeque pit. A few minutes later, Phinizee arrived at the gas station in a black Chevrolet truck. Officer Swearingen then observed Phinzee and Whitmore exit their respective vehicles and make an exchange which he believed to be a drug transaction. Whitmore then left the gas station and was pulled over a short distance therefrom at approximately 8:45 a.m. Whitmore was searched and a Trophy chewing tobacco pouch containing cocaine was found in her brassiere. Upon her arrest, she gave a written signed statement that she had purchased cocaine from Phinizee for a couple of years, and that she had in fact just bought cocaine from him that morning. She also stated that she had purchased cocaine from Phinizee at least a hundred times at Bernard's over the past few years.
¶ 8. At approximately 10:30 a.m., Officer Swearingen and Officer Joey Brackin returned to the Citco station to arrest Phinizee. A few minutes after they arrived, Phinizee pulled into the parking lot and was arrested as he exited his vehicle. Officer Swearingen testified that he looked into Phinizee's truck and was able to see numerous Trophy chewing tobacco pouches identical to the one taken from Whitmore's bra. He then searched the interior of the truck and found cocaine inside one of the tobacco pouches. Phinizee's vehicle was towed and he was taken to the sheriff's office for processing.
¶ 9. After these events transpired, Officer Swearingen submitted an affidavit for a search warrant of Bernard's Pool Hall. Officer Swearingen signed the "Underlying Facts and Circumstances" sheet which was attached to his affidavit submitted to Justice Court Judge Chauncey Green. Judge Green issued the requested search warrant and Phinizee accompanied Officer Swearingen to his place of business. The ensuing search of the pool hall yielded marijuana and cocaine. Once back at the station, Phinizee admitted that he had been selling drugs from Bernard's Pool Hall and gave a signed written statement *326 to that effect after signing a waiver of rights.
¶ 10. Prior to trial, Phinizee's counsel filed a motion to suppress the cocaine found in his truck, the cocaine found in Bernard's Pool Hall, and all written and oral statements made by him at the sheriff's office. He claimed that this evidence was the fruit of an illegal search and seizure. A suppression hearing was held in which only Officer Swearingen testified. The trial court found that (1) probable cause existed to arrest Phinizee without a warrant, (2) the search of Phinizee's vehicle was incident to a lawful arrest, (3) the search of Phinizee's vehicle was justified based on probable cause, (4) the search of Phinizee's vehicle was also subject to an inventory search based on the vehicle being towed, (5) Phinizee waived his Miranda rights and his statements were freely, voluntarily and knowingly given without any promises, threats, or coercion, and (6) the search of Bernard's Pool Hall was based on probable cause as well as a valid search warrant. Accordingly, the trial court denied Phinizee's motion to suppress.

DISCUSSION
1. Motion to Suppress
¶ 11. Phinizee argues that the circuit court committed reversible error by denying his motion to suppress evidence obtained in violation of his Fourth Amendment rights. Phinizee's argument under this assignment of error is three-fold: (1) that the cocaine found in his truck should have been suppressed as the product of a warrantless search, (2) that the warrant obtained to search Bernard's was not supported by probable cause, and (3) that any statements he gave to police are fruits of the poisonous tree.
¶ 12. The Fourth Amendment protects individuals against unreasonable searches and seizures.[2] A fundamental principle of the Fourth Amendment's protection is that a warrant is generally required before a search or seizure may take place. McNeal v. State, 617 So.2d 999, 1005 (Miss.1993) (citing Cady v. Dombrowski, 413 U.S. 433, 439, 93 S.Ct. 2523, 37 L.Ed.2d 706 (1973)). However, the rule against warrantless searches and seizures is not absolute. Mississippi law recognizes numerous exceptions to the warrant requirement. Graves v. State, 708 So.2d 858, 862-63(22) (Miss.1997). As to the search of Phinizee's truck, the State argues that the search falls squarely within three exceptions to the warrant requirement, namely, search incident to arrest, probable cause, and inventory search. We agree.
¶ 13. The warrantless search of an automobile incident to arrest is proper where the police have made a lawful custodial arrest of the occupant of the automobile. Townsend v. State, 681 So.2d 497, 501 (Miss.1996) (citing New York v. Belton, 453 U.S. 454, 460, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981)). A search incident to arrest justifies the contemporaneous warrantless search of the arrestee and the area within the arrestee's immediate control. Chimel v. California, 395 U.S. 752, 764, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). The United States Supreme Court has further explained that the scope of a search incident to arrest extends to the entire *327 passenger compartment of the automobile as well as any containers found therein. Belton, 453 U.S. at 460-61, 101 S.Ct. 2860 (1981); see also Sanders v. State, 403 So.2d 1288, 1290-91 (Miss.1981).
¶ 14. In the instant case, it is beyond dispute that Phinizee was lawfully arrested based on probable cause that he had sold cocaine. Our inquiry thus turns on the permissible scope of the search of Phinizee's automobile. Phinizee contends that the search of his truck was impermissible because he was no longer in his vehicle when Officer Swearingen searched the interior of his truck.
¶ 15. We reject Phinizee's contention that the search of his truck was impermissible because he was no longer in the vehicle himself. See Belton, 453 U.S. at 462-63, 101 S.Ct. 2860 (upholding the search of an automobile after the arrestee had been placed in the squad car); Sanders, 403 So.2d at 1290-91 (upholding search of automobile where arrestee no longer in vehicle). In Sanders, our supreme court relied heavily on Belton, in finding that the search and seizure of two purses  one containing a gun  was permissible incident to the arrest of the passenger of the vehicle. Sanders, 403 So.2d at 1290-91. In Sanders the police received information from an informant that Sanders was involved in the robbery of a jewelry store. Id. Acting on this information, the police arrested Sanders when she parked her vehicle in the parking lot of a lounge where police officers were waiting. Id. As Sanders exited her vehicle, the police seized two purses from the front seat; one purse contained the gun used in the robbery. Id. In affirming the lower court's denial of Sanders' motion to suppress evidence, the court found that the purses and the pistol were properly seized as the result of a lawful custodial arrest. Id.
¶ 16. In accordance with Belton and Sanders, we find the search and seizure of Phinizee's truck and the cocaine contained therein were proper as incident to a lawful custodial arrest. Phinizee was lawfully arrested based on probable cause and the cocaine found inside his vehicle was clearly within the permissible scope of the search, i.e., a container located in the passenger compartment of the vehicle.[3]
¶ 17. Phinizee next argues that all evidence found at Bernard's should have been suppressed because the warrant obtained was not supported by probable cause but instead based upon misleading and anonymous information. Phinizee argues that where the information constituting the underlying facts and circumstances is furnished by an informant, there is a need to show the party supplying the information was a credible person. Foley v. State, 348 So.2d 1034, 1036 (Miss.1977). The State asserts that probable cause existed in the instant case because police officers independently corroborated many of the details given by the confidential informants. Roebuck v. State, 915 So.2d 1132, 1137 (¶ 15) (Miss.Ct.App.2005).
*328 ¶ 18. A search warrant is validly issued when based upon probable cause. Zinn v. City of Ocean Springs, 928 So.2d 915, 920 (¶ 11) (Miss.Ct.App.2006). Under Mississippi law, probable cause is determined by assessing the "totality of the circumstances." Rooks v. State, 529 So.2d 546, 554 (citing Illinois v. Gates, 462 U.S. 213, 230-31, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983)). Probable cause exists where it is based on "[i]nformation reasonably leading an officer to believe that then and there contraband or evidence material to a criminal investigation would be found." Rooks, 529 So.2d at 555. On appeal, the issuance of a warrant will not be reversed where substantial evidence supports the magistrate's determination that probable cause existed. McNeal v. State, 617 So.2d 999, 1007 (Miss.1993).
¶ 19. In the instant case, Officer Swearingen submitted underlying facts and circumstances to support the issuance of the warrant. The information consisted of (1) the April 1999 undercover purchase of cocaine at the pool hall, (2) the July 2001 and April 2002 letters from concerned citizens stating that Phinizee was selling drugs from the pool hall, (3) the October 2003 conversation that Officer Swearingen had with Whitmore's husband, (4) the December 8, 2003, phone call between Whitmore's husband and Officer Swearingen, (5) Officer Swearingen's personal observation of the December 9 drug transaction between Phinizee and Whitmore, (6) Whitmore's statement admitting that she purchased cocaine from Phinizee earlier that morning at the Citco station and that she had purchased cocaine from Phinizee at the pool hall at least one hundred times over the past few years, and (7) the cocaine found in Phinizee's truck earlier that day.
¶ 20. We find substantial evidence in the affidavit to support the justice court judge's finding of probable cause to issue a warrant for the search of Bernard's. We reject Phinizee's contention that the warrant was based on misleading and unreliable anonymous informants. While the affidavit does contain information from unnamed informants it also contains information based on personal observations of police officers involved in the case which corroborates the information received from anonymous sources. Under the totality of the circumstances, we find sufficient evidence to support a finding that cocaine would be found in the pool hall. Officer Swearingen personally observed the drug transaction between Phinizee and Ms. Whitmore and subsequently took her statement that she regularly purchases cocaine from Bernard's. This information supports the prior anonymous statements that Phinizee kept and sold cocaine at the pool hall. Also, although somewhat removed in time, an undercover buy of cocaine was previously made from the pool hall by the LCNU. Taken together, this information provides a reasonable basis to believe that the pool hall is the base of operation for Phinizee's cocaine sales. We, therefore, find there was substantial evidence to support the justice court judge's determination that probable cause existed to issue a warrant for the search of Bernard's Pool Hall. Having found no illegality in the search and seizure of Phinizee's truck and Bernard's Pool Hall, we quickly dispose of Phinizee's final claim that the statements he made to police after his arrest are fruits of the poisonous tree. As no evidence was obtained in violation of Phinizee's Fourth Amendment rights, there exists no poisonous tree from which Phinizee may claim any fruits have been derived. This issue is without merit.
2. Excessive Sentence
¶ 21. Phinizee argues that his sixty-year sentence was disproportionate to *329 the crimes committed and constitutes cruel and unusual punishment under the Eighth Amendment. Phinizee concedes that the time ordered to serve in this case is within the statutory term proscribed by statute, but argues that his sentence is grossly disproportionate to the crime charged. Solem v. Helm, 463 U.S. 277, 290, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). Phinizee asserts that the Solem test is applicable and argues that his sentence of sixty years to serve is inconsistent with sentences imposed in other jurisdictions. The State argues that the sentence is within the statutory guidelines and there is no showing of gross disproportionality and, therefore, Phinizee's sentence is not excessive. Stromas v. State, 618 So.2d 116, 122-24 (Miss. 1993).
¶ 22. Sentencing is within the sole discretion of the trial court. Gibson v. State, 731 So.2d 1087, 1097 (¶ 28) (Miss. 1998) (quoting Hoops v. State, 681 So.2d 521, 537 (Miss.1996)). As a general rule, a sentence will not be disturbed on appeal if the sentence imposed is within the statutorily proscribed limits. Id. (quoting Hoops, 681 So.2d at 538). This Court will apply the three-pronged test set forth in Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983)[4] only when a threshold comparison of the crime committed to the sentence imposed leads to an inference of "gross disproportionality." Id.
¶ 23. Phinizee was convicted of one count for the sale of cocaine pursuant to Mississippi Code Annotated section 41-29-139 (Rev.2005), which proscribes a maximum sentence of thirty years imprisonment and a fine not to exceed $1,000,000. Miss.Code Ann. § 41-29-139(b)(1). He was also convicted of two counts of possession with intent to distribute under section 41-29-139 which also carries a maximum sentence of thirty years imprisonment and a fine not to exceed $1,000,000. Miss.Code Ann. § 41-29-139(b)(1). Phinizee was sentenced to serve a term of thirty years in the Mississippi Department of Corrections and ordered to pay a fine of $5,000 for each of the three counts. The sentences in counts two and three were to run concurrently and the sentence in count one to run consecutively with the sentences in counts two and three for a total of sixty years in the custody of the Mississippi Department of Corrections. Although the sentence Phinizee received seems somewhat harsh in light of the fact that he was a first offender, we do not find that it is grossly disproportionate to the crimes committed. As our supreme court stated in Stromas, "[d]rug offenses are very serious, and the public has expressed grave concern with the drug problem. The legislature has responded in kind with stiff penalties for drug offenders. It is the legislature's prerogative, and not this Court's to set the length of sentences." Stromas, 618 So.2d at 123. Phinizee faced a possible sentence of ninety years, thirty on each count. Thus, Phinizee's sentence was well within the statutorily proscribed limits. In denying Phinizee's motion to reduce his sentence, the trial judge noted that Phinizee had sold to Ms. Whitmore over a hundred times. He also stated that the gas station at which Phinizee sold cocaine to Ms. Whitmore is within walking distance of Lee Middle School. Finally, the trial judge stated that "[w]e have, over the years, had a number of drug problems in *330 that part of the county. And I think, in no small part, due to Mr. Phinizee." Given the deference afforded to the trial judge's imposition of Phinizee's sentence, we cannot say that his sentence was grossly disproportionate to the crimes committed. This issue is without merit.
3. Prior Bad Acts Testimony
¶ 24. Phinizee argues that the trial court erred when it allowed Ms. Whitmore to testify regarding prior drug transactions between her and Phinizee. Specifically, he attacks Ms. Whitmore's testimony that she had purchased cocaine from Phinizee on numerous occasions over the years leading up to the December 9, 2003, transaction and that she regularly purchased cocaine from Phinizee at Bernard's Pool Hall.
¶ 25. We review the admission or exclusion of evidence under an abuse of discretion standard of review. Jones v. State, 904 So.2d 149, 152 (¶ 7) (Miss.2005). The admissibility of evidence of prior bad acts is controlled by Mississippi Rule of Evidence 404(b).[5] Under Rule 404(b), evidence of prior bad acts is generally inadmissible; however, it is well-settled that evidence of prior drug sales is admissible to prove intent to distribute where the court conducts a M.R.E. 403 balancing test and gives a limiting instruction. Smith v. State, 839 So.2d 489, 494-95 (¶ 7) (Miss. 2003) (citing Swington v. State, 742 So.2d 1106, 1111 (¶ 13) (Miss.1999)).
¶ 26. Phinizee asserts that, in order for Ms. Whitmore's testimony to have been admissible, the State should have been required to show that the prior bad acts were "inter-connected" to the alleged acts for which he was on trial. Neal v. State, 451 So.2d 743, 759 (Miss.1984) (evidence of prior bad acts admissible to present a clear coherent story to the jury). We disagree.
¶ 27. Phinizee's reliance on Neal is misplaced. Evidence of prior bad acts is admissible to "[t]ell the complete story so as not to confuse the jury." Palmer v. State, 939 So.2d 792, 795 (¶ 9) (Miss.2006). However, the "complete story exception," relied on in Neal, is one of several permissible purposes for which evidence of prior bad acts may be used. Our case law makes clear that the admission of prior bad acts is also permissible to show intent. The "complete story exception" and the "intent exception" are separate and distinct permissible uses of prior bad act evidence. As discussed below, we find that Ms. Whitmore's testimony was properly admitted to show intent.
¶ 28. In admitting Ms. Whitmore's testimony concerning her prior transactions with Phinizee for the limited purpose of showing intent, the trial court conducted a 403 balancing test and determined that the probative value of the tendered evidence substantially outweighed the danger of any prejudice because two of the charges were possession with intent to distribute, of which intent is an essential element. See Carter v. State, 953 So.2d 224, 229-30 (¶¶ 11-17) (Miss.2007) (where a necessary element of the crime charged is intent, evidence of prior bad acts is admissible to show intent). Also, the court gave a proper limiting instruction to the jury.
*331 ¶ 29. Phinizee's intent was a necessary element of his conviction, and the trial judge allowed Ms. Whitmore's testimony for the limited purpose of showing intent to distribute. The trial judge conducted a 403 balancing test and gave the jury a proper limiting instruction. Accordingly, we find that the trial judge did not abuse his discretion in admitting the evidence of prior bad acts under Rule 404(b). This issue is without merit.
¶ 30. THE JUDGMENT OF THE LOWNDES COUNTY CIRCUIT COURT OF CONVICTION OF COUNT I, SALE OF COCAINE AND SENTENCE OF THIRTY YEARS AND PAY A FINE OF $5,000; COUNTS II AND III, POSSESSION OF COCAINE WITH INTENT TO DISTRIBUTE AND SENTENCE OF THIRTY YEARS AND PAY A FINE OF $5,000 ON EACH COUNT ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH SENTENCE IN COUNT I TO RUN CONSECUTIVELY TO SENTENCES IN COUNTS II AND III, AND SENTENCES IN COUNTS II AND III TO RUN CONCURRENTLY TO EACH OTHER FOR A TOTAL OF SIXTY YEARS, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.
NOTES
[1] According to Officer Swearingen's testimony, the barbeque pit is located beside the Citco station and provides barbeque which is sold in the gas station. Phinizee did not work in the gas station, but ran the barbeque pit.
[2] Fourth Amendment to the U.S. Constitution provides that:

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.
U.S. Const. amend. IV. See also Miss. Const. art. 3, § 23 (1890).
[3] We also find the search of Phinizee's truck and the seizure of the cocaine permissible as an inventory search and based on probable cause that the vehicle contained contraband. Officer Swearingen witnessed Phinizee sell cocaine to Ms. Whitmore out of his truck, thus probable cause existed that Phinizee's vehicle was evidence of crime or that it contained contraband. See Franklin v. State, 587 So.2d 905, 907 (Miss.1991) (warrantless search and seizure of automobile proper where police had information that vehicle was used in a shoplifting incident; probable cause existed that the vehicle itself was evidence of crime or contained contraband). The search and seizure of Phinizee's truck was also proper as an inventory search. Id. (warrantless search and seizure of automobile made on-the-scene is proper where vehicle is impounded and wrecker is en route).
[4] The three-factor Solem test is as follows:

(a) gravity of the offense and the harshness of the penalty;
(b) sentences imposed on other criminals in the same jurisdiction; and
(c) sentences imposed for the commission of the same crime in different jurisdictions.
Id. (citing Solem, 463 U.S. at 292, 103 S.Ct. 3001 (1983)).
[5] Mississippi Rule of Evidence 404(b) provides:

(b) Other Crimes, Wrongs, or Acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
M.R.E. 404(b).