RUSSELL, J., for the Court:
¶ 1. Benjamin Christopher Cooper appeals his conviction for possession of methamphetamine and sentence of eight years. He argues that the circuit court erred by denying his motion to suppress the results of a search warrant. Specifically, Cooper argues that because the State failed to prove the veracity of the confidential informant, the search warrant should not have been issued. Upon review, we find no error and affirm.
FACTS AND PROCEDURAL HISTORY
¶2. On March 24, 2010, Deputy Ralph Sciple of the Neshoba County Sheriffs Department received information from a confidential informant indicating that Cooper was selling methamphetamine from his house. Deputy Sciple testified that this confidential informant had provided credible information in the past that led to arrests and convictions. Based on the information obtained from the confidential informant, Deputy Sciple prepared a search warrant, affidavit, and supporting underlying facts and circumstances. That same evening, Deputy Sciple ■ presented these three documents to Justice Court Judge Steve Cumberland for his review and signature. The statement of underlying facts and circumstances Deputy Sciple submitted to Judge Cumberland read as follows:
Affiant, Ralph Sciple[,] has been in law enforcement since 1980. Sciple has served as Constable in Kemper County for 12 years, served with the DeKalb Police Department for 8 years, several of those years as Chief of Police[,] and served as Sheriff of Kemper County for 1½ years. Sciple is presently serving with the Neshoba County Sheriffs Department[,] where he was been for the past 10 plus years and has been an Investigator for over 9 of those years. Sciple is a certified law enforcement officer and a graduate of the Mississippi Law Enforcement Training Academy in Pearl[,] Mississippi^] and has attended numerous in[-]service training[s] on the subject of criminal investigations. Sci-ple has effected numerous felony arrests and investigated numerous cases.
The affiant states the following facts to wit: On 03 — 24—10[,] Inv. Sciple met with a confidential informant that Inv. Sciple knows to be a credible person [who] has given creditable information in the past that has led to arrest[s] and convictions. The informant gave the following information[:] the informant stated that he/ she saw drugs, [m]ethamphetamine[,] *900 being sold in the residence at 14 East-over Drive[,] Philadelphia, MS 39350, this being within the past 24 hours. With this information[,] the affiant requests] a search warrant be issued for 14 Eastover Drive[,] Philadelphia, MS 39350 to include all vehicles and out buildings [sic].
Judge Cumberland reviewed all three documents, found that there was sufficient probable cause, and signed the search warrant.
¶ 3. About a half hour after Judge Cumberland signed the search warrant, Deputy Sciple and other officers executed the search warrant at Cooper’s residence. Upon arriving at the residence, Cooper answered the door.
¶ 4. In searching the residence, officers discovered a plastic bag containing a white substance in Cooper’s bedroom, which was later tested and confirmed to be .5 grams of methamphetamine. Cooper was arrested and taken into custody. After waiving his Miranda[1] rights, Cooper made the following signed, written statement: “The meth that was found in my bedroom on 3-24-10 was mine for personal use. I do not sell meth.”
¶ 5. Cooper was indicted for possession of at least .1 gram but less than 2 grams of methamphetamine under Mississippi Code Annotated section 41 — 29—139(c)(1)(B) (Supp.2011), and a trial was held on February 14, 2011. A jury returned a verdict of guilty, and Cooper was sentenced to eight years in the custody of the Mississippi Department of Corrections. Cooper timely appealed.
DISCUSSION
¶ 6. Cooper argues that the circuit court erred by denying his motion to suppress the results of the search warrant because the State failed to prove that the confidential informant was reliable. “Our standard of review for the admission or exclusion of evidence is abuse of discretion.” Flake v. State, 948 So.2d 493, 496 (¶ 7) (Miss.Ct.App.2007) (citing Stallworth v. State, 797 So.2d 905, 908 (¶ 8) (Miss.2001)). “Our review of a [judge’s] issuance of a warrant is not a de novo determination of probable cause, but whether the [judge] had a substantial basis for concluding that probable cause existed.” Id. (citing Smith v. State, 504 So.2d 1194, 1196 (Miss.1987)). “The standard for determining the existence of probable cause for a search warrant based on an informant is the totality of the circumstances.” Id. (citing Lee v. State, 435 So.2d 674, 676 (Miss.1983)).
¶ 7. “A search warrant is validly issued when based upon probable cause.” Phinizee v. State, 983 So.2d 322, 328 (¶ 18) (Miss.Ct.App.2007) (citing Zinn v. City of Ocean Springs, 928 So.2d 915, 920 (¶ 11) (Miss.Ct.App.2006)). Our supreme court has stated the following regarding probable cause:
Probable cause is a practical, nontechnical concept, based upon the conventional considerations of everyday life on which reasonable and prudent men, not legal technicians, act. It arises when the facts and circumstances within an officer’s knowledge, or of which he has reasonably trustworthy information, are sufficient in themselves to justify a man of average caution in the belief that a crime has been committed and that a particular individual committed it.
Strode v. State, 231 So.2d 779, 782 (Miss.1970). In other words, “probable cause means more than a bare suspicion but less than evidence that would justify condem *901 nation.” State v. Woods, 866 So.2d 422, 426 (¶ 11) (Miss.2003).
¶ 8. Probable cause exists when based on “information reasonably leading an officer to believe that then and there contraband or evidence material to a criminal investigation would be found.” Phinizee, 983 So.2d at 328 (¶ 18) (citing Rooks v. State, 529 So.2d 546, 555 (Miss.1988)). The veracity of a confidential informant may be established by a statement of the affiant that the confidential informant has given credible information in the past. See Woods, 866 So.2d at 426 (¶ 14). In determining whether there was a substantial basis for the determination of probable cause, we look at both the “facts and circumstances set forth in the affidavit for [the] search warrant and ... sworn oral testimony presented to the issuing judge.” Roebuck v. State, 915 So.2d 1132, 1137 (¶ 12) (Miss.Ct.App.2005) (citing Petti v. State, 666 So.2d 754, 758 (Miss.1995)).
¶ 9. In this case, Deputy Sciple submitted a statement of underlying facts and circumstances to support the issuance of the search warrant, which read in part:
The affiant states the following facts to wit: On 03 — 24—10[,] Inv. Sciple met with a confidential informant that Inv. Sciple knows to be a credible person [who] has given creditable information in the past that has led to arrest[s] and convictions. The informant gave the following information[:] the informant stated that he/she saw drugs, [m]ethamphetamine[,] being sold in the residence at 14 Eastover Drive[,] Philadelphia, MS 39350, this being within the past 24 hours. With this information[,] the affiant request[s] a search warrant be issued for 14 Eastover Drive[,] Philadelphia, MS 39350 to include all vehicles and out buildings [sic].
(Emphasis added). This document was signed by Deputy Sciple and Judge Cumberland on March 24, 2010. Further, Deputy Sciple testified that the confidential informant had provided reliable information in the past, leading to arrests and convictions. Under the totality of the circumstances, we find that there was sufficient evidence of the confidential informant’s veracity, and that the justice court judge had a substantial basis for concluding that probable cause existed. Therefore, we affirm.
¶10. THE JUDGMENT OF THE NESHOBA COUNTY CIRCUIT COURT OF CONVICTION OF POSSESSION OF METHAMPHETAMINE AND SENTENCE OF EIGHT YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO NESHO-BA COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ„ CONCUR.

. See Miranda v. Arizona, 384 U.S. 436, 444-45, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).