# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-KA-00566-COA

**TREMAINE WHITTAKER A/K/A TREMAINE WHITAKER A/K/A TREMAINE A. WHITTAKER A/K/A TREMAINE A. WHITAKER**  APPELLANT

v.

**STATE OF MISSISSIPPI**  APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 10/15/2012 |
| TRIAL JUDGE: | HON. JEFF WEILL SR. |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEYS FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: BENJAMIN A. SUBER GEORGE T. HOLMES DANIEL HINCHCLIFF |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LAURA HOGAN TEDDER |
| DISTRICT ATTORNEY: | ROBERT SHULER SMITH |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 08/28/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., BARNES AND GREENLEE, JJ.**

**GREENLEE, J., FOR THE COURT:**

¶1.    Tremaine Whittaker challenges his convictions for statutory rape, sexual battery of a minor child, and gratification of lust. The Hinds County Circuit Court sentenced him to serve thirty years for statutory rape, thirty years for sexual battery of a minor child, and fifteen years for gratification of lust, with all three sentences to run concurrently in the custody of the Mississippi Department of Corrections. Whittaker appeals.

¶2. He alleges that: (1) cumulative error deprived him of his right to a fundamentally fair and impartial trial; (2) the search warrant deprived him of his Fourth and Sixth Amendment rights provided by the United States Constitution; and (3) the circuit court erred in allowing the testimony from Katherine Bullie and Jessica Jones. We affirm the conviction.

## FACTS AND PROCEEDINGS BELOW

¶3. On a sunny morning in late spring of 2011, a fourteen-year-old girl was waiting at her school-bus stop. This young girl—whom we will refer to as "A.T." to protect her identity—turned to see an unusual purple car drive around the corner. She recognized the driver. He was Tremaine Whittaker, a thirty-one-year-old man who had married one of her close relatives and whose daughter was A.T.'s best friend. Whittaker drove up to A.T., got out of the car, and forced the young girl inside.

¶4. He drove A.T. to an apartment and dragged her into the bedroom, where he inserted his penis into her vagina and mouth.[1]

¶5. Whittaker then drove A.T. to her school around noon. He signed her in and he used a different name. Because A.T. had arrived late and Whittaker—not her registered guardian—had dropped her off, school officials notified A.T.'s guardians and law enforcement.

¶6. A.T. then relayed the events to Jackson Police Department officials, and was taken to a hospital for examination and to Children's Advocacy Centers of Mississippi for a forensic interview.

---

[1] We synopsize the event rather than describe it in graphic detail.

¶7.     In September 2012, a jury found Whittaker guilty of statutory rape, sexual battery of a minor child, and gratification of lust. The circuit court sentenced him to thirty years for statutory rape, thirty years for sexual battery of a minor child, and fifteen years for gratification of lust, with all three sentences to run concurrently.

¶8.     Whittaker moved for post-conviction relief (PCR) in September 2013. The circuit court denied his PCR motion, and Whittaker sought an out-of-time appeal from this Court. We reversed and remanded for the circuit court to conduct an evidentiary hearing on whether he should be granted an out-of-time appeal. *Whittaker v. State*, 199 So. 3d 1261, 1265 (¶11) (Miss. Ct. App. 2016). Relief to allow an out-of-time appeal was granted, and he now appeals.

## DISCUSSION

### I.      Cumulative Error and the Right to a Fundamentally Fair and Impartial Trial

¶9.     In Mississippi, the cumulative-error doctrine stems from the harmless-error doctrine, found in Mississippi Rule of Civil Procedure 61. *Ross v. State*, 954 So. 2d 968, 1018 (¶138) (Miss. 2007). The cumulative-error doctrine "holds that individual errors, which are not reversible in themselves, may combine with other errors to make up reversible error, where the cumulative effect of all errors deprives the defendant of a fundamentally fair trial." *Id.*

¶10.    Whittaker asserts that cumulative error deprived him of his right to a fundamentally fair and impartial trial. But he only describes one instance of alleged error: that the circuit court failed to declare a mistrial when the State used the word "rape" in front of the jury.

¶11.    Whittaker alleges that the circuit court should have declared a mistrial when the State

used the word "rape" before the jury because the term is prejudicial and inflammatory. The State, during direct examination of A.T.'s legal guardian, asked, "At some point did you learn that [A.T.] had been raped?" Whittaker objected, the court excused the jury from the courtroom, Whittaker moved for a mistrial, and the court denied the motion for mistrial but sustained the objection, reasoning:

> As everyone is aware, I read the indictment to the jury, so the jury's well aware of what the defendant is charged with. One of those charges was statutory rape. I'll also note that the witness has yet to answer any of the—any of the question that was just posed to her.

Whittaker did not seek an instruction to disregard the question that drew the objection.

¶12. If an objection is sustained and no request is made that the jury be told to disregard the objectionable matter, then there is no error. *Carter v. State*, 195 So. 3d 238, 243 (¶16) (Miss. Ct. App. 2016). Furthermore, the circuit court is in the best position to determine if an alleged objectionable remark is prejudicial. *Roundtree v. State*, 568 So. 2d 1173, 1177 (Miss. 1990). This is why we accord the greatest weight and respect to the court's reasons as stated for the record. *Crosby v. State*, 760 So. 2d 725, 726 (¶6) (Miss. 2000).

¶13. The record reveals that Whittaker cited no caselaw in his objection to the word "rape." Additionally, Whittaker's brief also fails in caselaw citations. Instead, he merely asserts that the usage of the word caused "the jury [to] look[] at the defendant as a monster, essentially confirming their growing suspicion." Frankly, we are not convinced that the word "rape" damaged Whittaker's case. *Cf. Lee v. State*, 910 So. 2d 1123, 1128 (¶19) (Miss. Ct. App. 2005) (noting the State's use of the word "criminal" did not strike the Court as "a statement that caused serious and irreparable damage" to the defendant's case). And any error was

4

harmless given the overwhelming weight of the evidence. *See Havard v. State*, 928 So. 2d 771, 797 (¶54) (Miss. 2006).

¶14. Thus, we find no error; therefore, there was no violation of Whittaker's due-process rights based on the cumulative-error doctrine.

## II. Search Warrant

¶15. Whittaker challenges the validity of his search warrant.[2] He purports that because the warrant was secured based on statements made by a third party, those statements were hearsay and could not serve as "underlying facts and circumstances." Therefore, he alleges that the warrant was invalid and evidence gathered as a result is inadmissible.

¶16. "A search warrant is validly issued when based upon probable cause." *Cooper v. State*, 93 So. 3d 898, 900 (¶7) (Miss. Ct. App. 2012) (quoting *Phinizee v. State*, 983 So.2d 322, 328 (¶18) (Miss. Ct. App. 2007)). And "[p]robable cause means more than a bare suspicion but less than evidence that would justify condemnation." *Wagner v. State*, 624 So. 2d 60, 66 (Miss. 1993). In reviewing a finding of probable cause, we look for a substantial basis for the determination of probable cause. *Thompson v. State*, 92 So. 3d 691, 695 (¶7) (Miss. Ct. App. 2012). In doing so, we "look both to the facts and circumstances set forth in the affidavit for search warrant and as well, the sworn oral testimony presented to the issuing magistrate." *Williams v. State*, 583 So. 2d 620, 622 (Miss. 1991).

---

[2] In its brief, the State wavers between search warrants and arrest warrants. This is further confused by the exhibit titled "Underlying Facts and Circumstances," in which Detective Hartzog requested "that a Bench Warrant be issued for the detainment of Tremaine A. Whitaker." But the transcript reveals that Detective Hartzog submitted that document "[i]n order for the judge to know exactly what [she] needed the search warrant for."

¶17. In Mississippi, "probable cause is determined by assessing the totality of the circumstances." *Phinizee v. State*, 983 So. 2d 322, 328 (¶18) (Miss. Ct. App. 2007) (internal quotation mark omitted) (quoting *Rooks v. State*, 529 So. 2d 546, 554 (Miss. 1988)). "Under the totality-of-the-circumstances test, the task of the issuing magistrate is simply to make a practical, common-sense decision based on all the circumstances set forth in the affidavit before him, including the veracity and the basis of the knowledge of persons supplying hearsay information." *Thompson*, 92 So. 3d at 696 (¶10) (internal quotation marks omitted) (quoting *State v. Woods*, 866 So. 2d 422, 425 (¶10) (Miss. 2003)). Hearsay can provide a proper basis for a search warrant under certain circumstances. *See Walker v. State*, 473 So. 2d 435, 438 (Miss. 1985).

¶18. Here, Detective Hartzog submitted underlying facts and circumstances to support the issuance of the search warrant:

> On May 20, 2011, I, Detective Janice Hartzog, received a call from Officer Michael McClendon, I.B.M. 384, in reference to a sexual assault of a 14 year old female. On scene, I talked with the reporting part[y], Tommie Miller. Ms. Miller stated that her niece, [A.T.] was picked up from her bus stop by Tremaine Whitaker, taken to his apartment and raped. Whitaker brought [A.T.] to school around 12PM. Mr. Whitaker is on camera bringing [A.T.] into the school and into the office. [A.T.] stated that Tremaine Whitaker had oral sex on her then made her have oral sex on him, then he rape her. [A.T.] was taken to C.M.M.C. by her aunt, Tommie Miller. An examination was done and the evidence has been logged in at police headquarters.

¶19. Upon review, we find that there was substantial evidence to support the judge's finding of probable cause to issue the warrant. Under the totality-of-the-circumstances test, the warrant was justified.

### III. Testimony of Katherine Bullie and Jessica Jones

6

¶20. Whittaker alleges that the circuit court should have deemed testimony from both Katherine Bullie—the forensic interviewer employed by Children's Advocacy Centers of Mississippi—and Jessica Jones—the registered nurse employed by Central Mississippi Medical Center—as inadmissible hearsay.

¶21. In reviewing the admissibility of testimonial evidence, we apply an abuse-of-discretion standard. *Harris v. State*, 861 So. 2d 1003, 1018 (¶41) (Miss. 2003). Furthermore, reversal is only warranted when the abuse prejudices the accused. *Cox v. State*, 66 So. 3d 182, 186 (¶19) (Miss. Ct. App. 2010).

¶22. Bullie testified to her experiences at Children's Advocacy Centers of Mississippi and to the process she used in conducting her interview of A.T. Furthermore, she testified as to the recommendations that she made after the interview. She did not testify as to A.T.'s statements made during the interview. Thus, Bullie's testimony was not reciting an out-of-court statement but was testifying about what she did. It was not hearsay. *See* M.R.E. 801(c).

¶23. Jones gave testimony, noting that she treated A.T. that day. She read the medical history from A.T.'s medical records: "[A.T.] states the perpetrator, Tremaine Whitaker, met her at the bus stop for school this morning at 6:50 where he forced the patient to get in his vehicle and go to his apartment where he sexually assaulted [A.T.] vaginally as well as orally."

¶24. This reading of A.T.'s medical records accords with the recognized hearsay exception that allows statements made for the purposes of medical diagnosis and treatment. M.R.E. 803(4). Our decision in *Cox* supports this conclusion. *Cox* addressed whether the admission of a social worker's testimony regarding a rape victim's medical diagnosis under Rule 803(4)

was appropriate. *Cox*, 66 So. 3d at 186 (¶18). We held that it was, because the statements were made just after the victim was brought to the hospital and in the company of a nurse and police officer, resulting in enough trustworthiness to admit the statements. *Id.* at (¶20). We also find that our decision in *Marshall v. State*, 812 So. 2d 1068 (Miss. Ct. App. 2001), warrants our conclusion. There, we turned to whether a statement made by a child to a medical professional that she was sexually abused and identifying the perpetrator is pertinent to the treatment. *Id.* at 1075 (¶18). We held that it was, particularly to prevent the further abuse of the child. *Id.* (citing *Hennington v. State*, 702 So. 2d 403, 414 (¶44) (Miss. 1997)).

¶25.    Applying both *Cox*'s and *Marshall*'s common-sense conclusions, we find that Jones's testimony was properly admitted. This issue is without merit.

## CONCLUSION

¶26.    Therefore, we find that cumulative error did not deprive Whittaker of his right to a fundamentally fair and impartial trial. We find that the search warrant was valid and did not deprive Whittaker of his Fourth and Sixth Amendment rights. Furthermore, we find that the circuit court did not err in allowing testimony of Katherine Bullie and Jessica Jones. Thus, we affirm Whittaker's convictions.

¶27.    **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, FAIR, WESTBROOKS AND TINDELL, JJ., CONCUR. WILSON, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**